McKinney, J.,
delivered the opinion of the Court.
This was an application to the Circuit Court of Davidson for a mandamus, to compel the County Judge of said county to audit, and issue a warrant on the Treasurer of the county, for the payment of an account *190 claimed to be due to Connell, as a physician, for medical services alleged to have been rendered to prisoners (confined in the jail of said county) at the request of the Jail Inspectors of said county.
The County Judge, it seems, allowed the claim so far as services were rendered to prisoners confined upon a charge of misdemeanor; but refused to do so, where the persons were charged with felony.
The Court properly refused the application, on various grounds:
1st. The power conferred upon Jail Inspectors, to “ make rules and regulations for the preservation of the health and decorum of the prisoners,” is confined to general sanitary and police regulations. It does not authorize them to charge the county with physicians’ bills for medical attention to the prisoners. Physicians’ bills do not form an item of costs, provided for by law, in prosecutions either for felonies or misdemeanors. Eor such services, the prisoner is personally liable, as other persons. If able to pay, the physician must look to him for his bill; and if not, he must go unpaid, unless the County Court, or some one from motives of humanity, voluntarily assumes to pay.
2d. From this view, it results, that the County Judge has no authority, in the absence of an express order made by a competent number of the Justices, to allow any such claim; and, therefore, the allowance of any part of the claim, from the statement in the record, was a void act.
3d. If the jail inspectors possessed the power to bind the County Court, the proceeding, upon their re *191 fusal to pay, should he against the Justices, and not against the County Judge, who has no power to make appropriations of county moneys.
Judgment affirmed.